IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-432-RJC-DCK

| TYRELL L.S. BENAVI, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | MEMORANDUM AND |
|  | ) | RECOMMENDATION |
| BANK OF AMERICA, N.A., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Bank Of America, N.A.'s Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 17). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Plaintiff Tyrrell L.S. Benavi ("Plaintiff" or "Benavi") initiated this action with the filing of a "Complaint And Request For Injunction" (Document No. 1) ("Complaint") in this court on July 17, 2023 against Defendant Bank of America, N.A. ("Defendant" or "Bank of America"). Plaintiff filed an "Amended Complaint" (Document No. 16) on December 21, 2023.

Plaintiff's Amended Complaint contains one claim against Defendant, for violation of the Fair Credit Reporting Act, 15 U.S.C. § 168li "by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies," "by failing to conduct a lawful reinvestigation," "by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff[']s credit file," "and by relying upon verification from a

source it has to know is unreliable." (Document No. 16, p. 3). As background for Plaintiff's claim, he alleges that he "entered into a [credit] cardholder agreement" with Bank of America in February 2022. Id. at p. 2. Plaintiff alleges that his "credit account was in good standing throughout its existence, paid as agreed never late." Id. He "suffered a major medical episode and attached a checking account to the bill pay option on the credit card account on or about October 2022." Id. Bank of America apparently "began reporting the account late to the national credit bureaus Equifax, Experian, and Trans Union but never alerted [P]laintiff there was an issue with nonpayment." Id. Defendant's actions allegedly caused Plaintiff's credit score to go down. Id. "Plaintiff attempted to contact BANA" but did not receive any information. Id.

In early 2023, "Plaintiff submitted a formal complaint against BANA to the Consumer Financial Protection Bureau." Id. He was allegedly informed that "the matter had been resolved" in March 2023, despite "the account remain[ing] frozen and interest payments continu[ing] to increase." Id. According to Plaintiff, "BANA closed the account [in] June 2023 and sold the debt to a third-party collection agency, who began collections immediately." Id. In sum, Plaintiff contends that "BANA failed to conduct a reasonable timely investigation into the issues raised by [P]laintiff," and therefore Defendant "was derelict in its duty to secure account information and ensure its accuracy and free from potential fraud." Id. at p. 3.

"Defendant Bank Of America, N.A.'s Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 17) was filed January 4, 2024. "Plaintiff's Response To BANA's Motion To Dismiss" (Document No. 20) was filed February 21, 2024. "Defendant Bank Of America, N.A.'s Reply In Support Of Its Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 21) was filed February 26, 2024.

The pending motions have been fully briefed and are ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant Bank of America argues that Plaintiff's Amended Complaint should be dismissed because Plaintiff has not alleged sufficient facts to meet the statutory requirements of a plausible claim under the Fair Credit Reporting Act ("FCRA"). Defendant argues that the obligation to investigate is triggered "only after the furnisher receives notice of dispute from a [credit reporting agency]." (Document No. 17-1, p. 4) (citing 15 U.S.C. § 1681s-2(b)(1)). Defendant cites a Fourth Circuit case for this same proposition. Id. (citing Mavilla v. Absolute Collection Serv., Inc., 539 F. App'x 202, 208 (4th Cir. 2013)). Given that "Plaintiff does not allege, in even [the] most conclusory manner, that he disputed BANA's credit reporting *with the CRAs* or that BANA *received notification* of the dispute(s) from any CRA," Defendant argues that Plaintiff's claim must fail. (Document No. 17-1, p. 5).

Plaintiff's response does not dispute this argument – instead, Plaintiff largely recounts the factual allegations from the Amended Complaint. See (Document No. 20). For this reason, the undersigned finds Defendant's argument persuasive. While Plaintiff clearly alleges his attempts to notify Bank of America of his dispute, he does not allege that he reached out to the credit reporting agencies or that Bank of America learned about the dispute from the credit reporting agencies. See (Document No. 16).

The Fair Credit Reporting Act exists to ensure that the "banking system" can depend "upon fair and accurate credit reporting" by way of regulating the "consumer reporting agencies['] exercise [of] their grave responsibilities with fairness, impartiality, and a respect for the

4

consumer's right to privacy." 15 U.S.C. § 1681(a)(1)-(4). The statute prescribes responsibilities for "furnishers of information to consumer reporting agencies," such as Defendant Bank of America in this case. See 15 U.S.C. § 1681s-2. "After receiving notice pursuant to section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," furnishers shall "conduct an investigation with respect to the disputed information" and thereafter take corrective action if appropriate. Id. at § 1681s-2(b)(1)(A)-(E). And, according to section 1681i(a)(2), the furnisher must receive notice of the dispute from the credit reporting agency. Id. at § 1681i(a)(2).

Caselaw confirms Defendant's reading of the statute to suggest that a furnisher of credit information, such as Defendant Bank of America, has no duty to investigate or take corrective action unless it learns of the dispute from a credit reporting agency – that is, the consumer (i.e., Plaintiff) must have had contact with the credit reporting agencies directly, not Bank of America. See Mavilla, 539 F. App'x at 208 ("a furnisher's duty to investigate is not triggered until it receives notification of a dispute *from a credit reporting agency*") (emphasis added); Fireison v. Equifax Inc., 2006 WL 1134205, at *1 (D. Md. Apr. 25, 2006) (dismissing a claim under § 1681s-2 of the FRCA because the plaintiff in that case alleged that she notified the furnisher of the dispute rather than the CRA). Thus, Bank of America's duties were not triggered, and Plaintiff's allegations fail to state a claim. He does not state that he notified any of the credit reporting agencies of his dispute with the information published or that Bank of America received notice from one of the agencies about his dispute. The undersigned thus respectfully recommends that Plaintiff's claim be dismissed.

5

Case 3:23-cv-00432-RJC-DCK   Document 23   Filed 08/09/24   Page 5 of 6

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Bank Of America, N.A.'s Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 17) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: August 9, 2024

David C. Keesler
United States Magistrate Judge